**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO CALLAHAN,** | : | |
| | : | **Case No. 2:26-cv-0697** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Caroline H. Gentry** |
| **OHIO DEPARTMNET OF REHABILITATION & CORRECTIONS , *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**<u>OPINION & ORDER</u>**

This matter comes before the court on Plaintiff, Antonio Callahan's Motion to Preserve Medical and Video Evidence. (ECF No. 2). For the following reasons, Plaintiff's Motion is **DENIED as MOOT**.

## I. BACKGROUND

In June 2026, Plaintiff filed a complaint alleging a violation of civil rights under 42 U.S.C. § 1983, asserting claims of deliberate indifference, failure to train, concurrent negligence, culpable negligence, emotional distress, equal protection, First Amendment retaliation, sexual abuse, failure to protect, and unconstitutional policies. (ECF No. 4 at 16–19). Plaintiff requests compensatory, punitive, and nominal damages. (*Id.* at 18–19).

Plaintiff filed a motion requesting that this Court order Defendants to preserve all relevant evidence to the claims in this action. (ECF No. 2).

## II. LAW AND ANALYSIS

The Sixth Circuit has recognized that "it is beyond question that a party to a civil litigation has a duty to preserve relevant information, including ESI[.]" *John B. v. Goetz*, 531 F.3d 448, 459

(6th Cir. 2008). This applies when a party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation. *Id.* When that duty is breached and ESI is lost because a party failed to take reasonable steps to preserve it and the information cannot be restored or replaced through additional discovery, a district court may exercise its authority to impose appropriate measures under Fed. R. Civ. P. 37(e). *Id.*

Therefore, Defendants already have an ongoing obligation to preserve evidence as the direct result of being a party to this litigation. There is no allegation that this duty has been breached or is likely to be breached. In these circumstances, the Court **DENIES** the Motion to Preserve as **MOOT** but reminds all parties to the action of their ongoing obligation to preserve relevant evidence.

## III. CONCLUSION

As such, Plaintiff's Motion to Preserve Medical and Video Evidence (ECF No. 2) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 20, 2026**